OPINION
James Pryor appeals from an order of the court of common pleas overruling Pryor's "Motion to Null Consent Agreement."
The consent agreement which Pryor sought to "null" was a domestic violence consent agreement issued pursuant to R.C 3113.31(E)(1) on July 10, 2001. The parties mutually bound by the order were Pryor and Sharon R. Stickel. The grounds on which Pryor's subsequent motion relied were that a copy of the consent agreement had not been served on him on the same day that the agreement was entered, which, he argued, R.C.3113.31(F)(1) requires.
Pryor's motion was referred to a magistrate. The magistrate, in a decision filed on September 5, 2001, overruled Pryor's motion, finding that Pryor had actual notice of the consent agreement when he signed it, and that a copy had been mailed to his address for service.
No objections to the magistrate's decision were filed. Therefore, per Civ.R. 53(E)(4)(a), the trial court adopted the decision as its own order on September 21, 2001.
Pryor filed a motion for reconsideration on October 1, 2001. Pryor directed the motion to the magistrate, who on October 1, 2001, denied it.
On October 19, 2001, Pryor filed a notice of appeal, identifying the order that the court entered on September 21, 2001, as the order from which his appeal was taken. He presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR "TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO SERVE APPELLANT WITH A COPY OF CONSENT AGREEMENT, AS REQUIRED BY THE MANDATORY LANGUAGE OF SECTION 3113.31(F)91) OF THE OHIO REVISED CODE, AND THEREFORE, SHOULD HAVE NULLED CONSENT AGREEMENT."
 SECOND ASSIGNMENT OF ERROR "TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO RULE THAT THE CONSENT AGREEMENT IN Case No. 01-DV-59 WAS NOT ENFORCEABLE AGAINST APPELLANT, AFTER IT DETERMINED THAT THE CONSENT AGREEMENT IN Case No. 01-DV-57 WAS NOT ENFORCEABLE AGAINST APPELLEE, BECAUSE IT FAILED TO CONTAIN AN EFFECTIVE DATE AS REQUIRED BY SECTION 3113.31, ET SEQ. OF THE OHIO REVISED CODE."
R.C. 3113.31 governs domestic violence civil protection orders. Paragraph (E)(1) of the section authorizes the court, after a hearing, to "grant any protection order . . . or approve any consent agreement to bring about a cessation of domestic violence . . ." Paragraph (F)(1) directs the court to issue copies of any order or consent agreement to certain agencies and to the parties. It further states: "The court shall direct that a copy of an order be delivered to the respondent on the same day the order is entered."
To the extent that R.C. 3113.31 distinguishes between protection orders and consent agreements as it does, and because the service requirements of Paragraph (F)(1) apply only to "an order," the requirement should not be read to likewise extend to consent agreements. Therefore, the validity of the consent agreement that issued on July 10, 2001, was unaffected by the fact that the court did not direct that a copy be served on Pryor. Indeed, to hold that the court should have caused a copy to be served on Pryor would require a superfluous act because, as the magistrate found in his September 5, 2001 decision, Pryor had actual notice of the consent agreement and its terms when he signed it. Further, as Pryor concedes, he subsequently obtained a copy from the clerk of courts. Finally, a failure to comply would not invalidate the agreement, because the provisions of R.C. 3113.31(F)(1) are directive, not mandatory.
With respect to his second assignment of error, Pryor argues that the consent agreement is void because it lacks an effective date. We do not agree. The consent agreement was obtained before the magistrate and submitted to the court as the magistrate's decision on the matter referred. The court adopted the magistrate's decision as the court's interim order on the same date. It became effective that date. Civ.R. 53(E)(4)(a),(c). Objections would have automatically stayed execution of the relief granted, but none were filed within the fourteen days provided. Therefore, the order was fully effective from the date the court signed and filed it, July 10, 2001.
The assignments of error are overruled for the foregoing reasons. They are also overruled because, per Civ.R. 53(E)(3)(b), Pryor's failure to object to the trial court's adoption of the consent agreement waives his right to argue on appeal any error on the face of the trial court's order, other than plain error. Plain error is not portrayed. SeeGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 1997-Ohio-401. Civ.R. 53(E)(3(b). The judgment of the trial court will be affirmed.
FAIN, J., and YOUNG, J., concur.